UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERMOND BALL,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case Nos. 3:23-CR-63-CCB-MGG
3:25-CV-622-CCB

## OPINION AND ORDER

Before the Court is Jermond Ball's Motion to Vacate under 28 U.S.C. § 2255 (ECF 81). Mr. Ball asks the Court to vacate his conviction for possession of methamphetamine with the intent to distribute, and seeks release, a new trial, or an evidentiary hearing to adjudicate his claim on its merits. In support, he argues that he was deprived of the effective assistance of his trial counsel in violation of his Sixth Amendment rights. Mr. Ball has also filed an unsigned Motion to Appoint Counsel under 28 U.S.C. 1915(e)(1), (ECF 82), and an unsigned Motion for Certificate of Appealability, (ECF 83). The Court denies Mr. Ball's motion to vacate and strikes his motions to appoint counsel and for certificate of appealability for the reasons below.

### I.    RELEVANT BACKGROUND

On November 18, 2025, the Court rejected all but one of the claims pressed by Mr. Ball in his § 2255 motion. (ECF 84). The Government responded to Mr. Ball's sole surviving claim, ineffective assistance of counsel due to trial counsel's alleged refusal to

file an appeal, on February 13, 2026. (ECF 91). Mr. Ball replied on April 15, 2026. (ECF 93).

## II.   ANALYSIS

The Court will first address Mr. Ball's motion to vacate, then turn to his unsigned motions.

### a.  Motion to Vacate

As the Court explained in its prior order, Mr. Ball's surviving ineffective assistance of counsel claim rests on the allegation that he "unequivocally" asked his counsel to file an appeal, and his counsel's response was "we're not filing an appeal." (ECF 81-1 at 7). The Government responds that this claim should be denied because Mr. Ball's allegation is unsupported by the evidence and contradicted by trial counsel.

Relief under § 2255 is only available "in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Harris v. United States*, 13 F. 4th 623, 627 (7th Cir. 2021) (quoting *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014)). Ineffective assistance of counsel can give rise to a constitutional issue under the Sixth Amendment. *Buck v. Davis*, 580 U.S. 100, 118 (2017). But "naked assertions" of ineffective assistance, unsupported by detail or additional evidence, are insufficient to justify § 2255 relief. *Galbraith v. United States*, 313 F.3d 1001, 1008–09 (7th Cir. 2002). An affidavit sworn by the petitioner in a § 2255 case may lend support to his claim, but the weight of the affidavit depends on how detailed and specific it is. *See id.* (quoting *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996)).

2

The Government argues that Mr. Ball's motion should be denied because Mr. Ball has no support for his ineffective assistance of counsel claim beyond the bare assertion that he asked his trial counsel to file an appeal, and counsel refused. In support, the Government attaches an affidavit from Mr. Ball's trial counsel. In that affidavit, counsel states that he had good communications and a good rapport with Mr. Ball. (ECF 91-1). He states that he was aware that the law required him to file an appeal if Mr. Ball asked him to, even if Mr. Ball had already signed an appeal waiver. (*Id.*) And he states that Mr. Ball never asked him to file an appeal. (*Id.*) Mr. Ball replies by submitting his own affidavit restating his prior assertion. But that affidavit does not provide additional details or greater specificity. Nor does Mr. Ball attack the substance of his trial counsel's affidavit beyond conclusory denials of its truth.

This is not enough to justify a hearing. Mr. Ball cannot prevail in habeas on the strength of an undetailed and unspecific affidavit contradicted under oath by trial counsel. And Mr. Ball's briefing gives the Court no reason to believe a hearing would produce additional evidence. His motion to vacate pursuant to § 2255, (ECF 81), is denied.

### b. Motions to Appoint Counsel and for Certificate of Appealability

Mr. Ball's Motion to Appoint Counsel and his Motion for Certificate of Appealability are unsigned. (ECF 82; ECF 83). Federal Rule of Civil Procedure 11 requires that all filings be signed. Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected . . . ."). The Court is required to follow the "plain meaning" of the Federal Rules of Civil Procedure. *Bus. Guides, Inc.*

*v. Chromatic Commc'ns Enters.*, 498 U.S. 533, 540 (1991). This means that it must strike Mr. Ball's motions. Fed. R. Civ. P. 11(a); *see also Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021) (explaining that Rule 11(a) "requires courts to strike unsigned filings that are not corrected promptly"). Though the Court does not reach the merits of the motions in this order, it notes that both motions consist of perfunctory and undeveloped argument.

Nevertheless, the Rules Governing Section 2255 Proceedings require the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. A certificate of appealability may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. As discussed above, Mr. Ball has not made such a showing. Thus, he is denied a certificate of appealability.

### III.   CONCLUSION

For these reasons, Mr. Ball's motion to vacate pursuant to 28 U.S.C. § 2255, (ECF 81), is **DENIED.** Mr. Ball's motions to appoint counsel, (ECF 82), and for certificate of appealability, (ECF 83), are **STRUCK.** He is **DENIED** a certificate of appealability.

SO ORDERED on May 7, 2026.

 /s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT